J-S34027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL EDWARD CRATER, SR. | |
| Appellant | No. 626 MDA 2014 |

Appeal from the Judgment of Sentence December 5, 2013
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000500-2011
*****************************************************************

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL EDWARD CRATER, SR. | |
| Appellant | No. 627 MDA 2014 |

Appeal from the Judgment of Sentence March 10, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000501-2011
*****************************************************************

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL EDWARD CRATER, SR. | |
| Appellant | No. 628 MDA 2014 |

J-S34027-15

Appeal from the Judgment of Sentence December 5, 2013
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000495-2011

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 17, 2015**

In this consolidated appeal,[1] Daniel Edward Crater, Sr., appeals from the judgments of sentence in three separate cases, imposed by the Court of Common Pleas of Perry County, on December 5, 2013, and March 10, 2014.[2] At CR-495-2011 and CR-500-2011, Crater pleaded guilty to two counts in each case of sexual abuse of children.[3]  At CR-501-2011, a jury found Crater guilty of unlawful contact with a minor, endangering the welfare of a child (EWOC), corruption of a minor, simple assault, and harassment.[4]  On December 5, 2013, the trial court sentenced Crater on the three cases to a total of 64 to 156 months' incarceration.  Thereafter, Crater filed two motions to modify sentence, one at CR-495-2011 and CR-500-2011, and

_____

[1] The appeals were consolidated by this Court *sua sponte.*

[2] The sentence at CR-501-2011, which is under appeal at 627 MDA 2014, was originally imposed on December 5, 2013.  As more fully discussed, below, the trial court, at CR-501-2011, granted Crater's motion to modify sentence in part, and denied the motion in part.  On March 10, 2014, the trial court issued a new sentencing order at that docket.

[3] 18 Pa.C.S. § 6312(b).

[4] 18 Pa.C.S. §§ 6318(a)(1), 4304(a),  6301(a)(1), 2701(a), and 2709(a)(7), respectively.

- 2 -

one at CR-501-2011. On March 10, 2014, at CR-495-2011 and CR-500-2011, the trial court denied Crater's motion to modify sentence. At CR-501-2011, the trial court granted Crater's motion to modify in part,[5] and denied the motion in part. Consequently, following the trial court's rulings, Crater's combined sentence for the three cases was 54 to 117 months' incarceration.[6] The sole issue raised by Crater is a challenge to the

_____

[5] Specifically, the court amended the grading of the unlawful contact with minors and EWOC convictions to misdemeanors of the first degree, and the corresponding sentences. **See** Order, 3/10/2014. **See also** N.T., 3/10/2014, at 11–13.

[6] The court's sentences were imposed as follows:

At CR-495-2011: 12 to 24 months' incarceration on two counts of sexual abuse of children to run consecutively.

At CR-500-2011: 12 to 24 months' incarceration on two counts of sexual abuse of children, consecutive to each other and the sentences at CR-495-2011.

**See** N.T., 12/5/2013, at 37–38. **See also Order**, 12/5/2013 (CR-495-2011); Order, 12/5/2013 (CR-500-2011).

At CR-501-2011: 1 to 9 months' incarceration on the count of unlawful contact of a minor, and 5 to 12 months' incarceration on the count of endangering the welfare of a child, to run consecutive to each other and consecutive to the sentences imposed at CR-495-2011 and CR-500-2011; two years' probation on the count of corruption of a minor. On the counts of simple assault and harassment, Crater was ordered to pay costs.

**See** N.T., 3/10/2014, at 12–13. **See also** Order, 3/10/2014 (CR-501-2011).

discretionary aspects of his sentence imposed at CR-495-2011 and CR-500-2011. Finding waiver, we affirm.

Crater sets forth the issue on appeal as follows:

Did the trial court abuse its discretion by sentencing [Crater] at CR-495-2011 and CR-500-2011 to four consecutive terms of 12–24 months without considering mitigation and was said sentence manifestly unreasonable?

Crater's Brief at 7.[7]

Although Crater filed separate appeals at CR-495-2011, CR-500-2011, and CR-501-2011, the issue framed by Crater and argued in his brief is only directed to the sentences imposed at CR-495-2011 and CR-500-2011. No issue is raised in the statement of questions involved or developed in the brief with respect to the judgment of sentence at CR-501-2011. Therefore, any issues with respect to CR-501-2011 are abandoned on appeal and, therefore, waived. *See Commonwealth v. Dunphy*, 20 A.3d 1215, 1218 (Pa. Super. 2011) (noting appellant abandoned issues raised in Rule 1925 statement that were not identified in the statement of questions presented section of his brief or developed in the argument section of his brief).

---

[7] Crater timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal by filing a Rule 1925 statement captioned under CR-495-2011, CR-500-2011, and CR-501-2011.

With regard to the sentences imposed at CR-495-2011 and CR-500-2011, Crater asserts the sentences are manifestly excessive and the trial court ignored substantial mitigating factors. It is well settled, however, that "[c]riminal defendants do not have the automatic right to challenge the discretionary aspects of their sentence. Rather, they must seek permission [pursuant to] Pa.R.A.P. 2119(f)." *Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012). Furthermore, when an appellant "neglect[s] to include a separate Rule 2119(f) statement in his brief and … the Commonwealth has objected to this omission, we deem appellant's challenge to be waived." *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2008), *appeal denied*, 99 A.3d 925 (Pa. 2014).

Here, Crater has failed to include a Pa.R.A.P. 2119(f) statement in his brief, and the Commonwealth has objected to this omission. *See* Commonwealth's Brief at 3–4. Consequently, Crater has waived his discretionary aspect of sentencing claim and we may not review the appeal.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2015

- 5 -