J-S62042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

BLAKE EDWARD JOINER

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 922 WDA 2015

Appeal from the Order April 2, 2015
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000390-1997;
CP-17-CR-0000391-1997

BEFORE: GANTMAN, P.J., JENKINS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED OCTOBER 15, 2015**

Appellant, Blake Edward Joiner, appeals from the order entered in the Clearfield County Court of Common Pleas, that denied his filing which he designated as a "post-sentence motion *nunc pro tunc*." On April 23, 1998, Appellant pled guilty to multiple counts of rape and corruption of minors. The court initially sentenced Appellant on August 18, 1998, to an aggregate term of incarceration of five years to life. Appellant filed a notice of appeal, and this Court vacated the judgment of sentence and remanded for resentencing. *See Commonwealth v. Joiner*, 739 A.2d 588 (Pa.Super. 1999) (unpublished memorandum). Following resentencing, Appellant filed another direct appeal, and this Court again vacated the judgment of sentence and remanded for resentencing. *See Commonwealth v. Joiner*,

_____

*Retired Senior Judge assigned to the Superior Court.

758 A.2d 721 (Pa.Super. 2000) (unpublished memorandum). On remand, the trial court resentenced Appellant on July 18, 2000, to an aggregate term of five to twenty years' incarceration, followed by twenty-five years of probation. Appellant did not file another direct appeal. During the ensuing fourteen years, Appellant filed multiple petitions under the Post Conviction Relief Act ("PCRA"),[1] all of which were denied. On March 27, 2015, Appellant *pro se* filed what he called a "post-sentence motion *nunc pro tunc*," which the court denied on April 2, 2015. Appellant filed a timely *pro se* notice of appeal on April 27, 2015. Appellant subsequently filed a voluntary concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Generally, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). An exception to the ten-day deadline might apply where the defendant files a post-sentence motion based on after-discovered evidence. **See** Pa.R.Crim.P. 720(C); **Commonwealth v. Trinidad**, 96 A.3d 1031 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 99 A.3d 925 (2014). "[A]fter-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA." Pa.R.Crim.P. 720 *Comment*. A PCRA petition must be filed within one year of the date the underlying judgment

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). Under the "new facts" exception to the PCRA's timeliness requirements, the petitioner must plead and prove: "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Instantly, Appellant's judgment of sentence became final on August 17, 2000, upon expiration of the time to file an appeal with this Court. *See* Pa.R.A.P. 903(a). His direct appeal process has concluded, so Appellant must bring any claim of after-discovered evidence *via* a PCRA petition. *See* Pa.R.Crim.P. 720 *Comment*. As a PCRA petition, Appellant's filing is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Moreover, the United States Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013), does not constitute a "new fact" under Section 9545(b)(1)(ii). *See Commonwealth v. Watts*, 611 Pa. 80, 23 A.3d 980 (2011) (stating judicial determinations are not "facts" within meaning of Section 9545(b)(1)(ii)).[2] Thus, the trial court properly denied relief.

Order affirmed.

---

[2] Under the same logic, the *Alleyne* decision is not "evidence" in the context of Rule 720(C). *See Commonwealth v. Small*, 559 Pa. 423, 741 A.2d 666 (1999), *cert. denied*, 531 U.S. 829, 121 S.Ct. 80, 148 L.Ed.2d 42 (describing requirements of after-discovered evidence exception).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2015