J-S69036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARL DENNIS LOVE, JR., | |
| Appellant | No. 560 EDA 2015 |

Appeal from the Judgment of Sentence of January 26, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004785-2006

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 29, 2015**

Appellant, Carl Dennis Love, Jr., appeals from the judgment of sentence entered on January 26, 2015. We affirm.

We quote the relevant facts as follows:

On July 17, 2007, Appellant pled guilty to possession of a controlled substance with the intent to deliver and was sentenced to three (3) years [of] probation. [Appellant] violated his probation by incurring new charges. Specifically, on March 14, 2013, he was charged in Delaware County with [m]anufacture, [d]elivery or [p]ossession with [i]ntent to [m]anufacture or [d]eliver, [i]ntent to [p]ossess [c]ontrolled [s]ubstance by [p]erson not [r]egistered, [p]ossession of [m]arijuana, [u]se/[p]ossession of [d]rug [p]araphernalia, and [c]onspiracy. [Appellant] was sentenced to seven (7) to twenty (20) years incarceration by the Delaware County Court of Common Pleas for these charges. On January 26, 2015, th[e trial] court sentenced [Appellant] to one (1) to two (2) years incarceration consecutive to the Delaware County [s]entence for his probation violation.

[Appellant] filed a [m]otion to [m]odify [s]entence on February 5, 2015[,] which was denied on February 9, 2015. [Appellant] thereafter appealed his judgment of sentence. [The parties and the trial court complied with Pa.R.A.P. 1925.]

Trial Court Opinion, 7/2/15, at 1-2.

On appeal, Appellant asks us to review a single question:

Did the sentencing court manifestly abuse its discretion when the court sentenced [Appellant] to one to two years on a probation revocation, to be served consecutively to [Appellant's] new sentence of seven to 20 years, and violate 42 Pa.C.S.A. §9757 by failing to state the minimum sentence to be served for all offenses?

Appellant's Brief at 3.

Appellant's argument pertains to the discretionary aspects of his sentence. Accordingly, we consider such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). Prior to reaching the merits of a discretionary aspects of sentencing issue, we conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine:

(1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not

appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

The record reflects that Appellant filed a timely post-sentence motion and a timely notice of appeal. He also included a Rule 2119(f) statement in his brief. **See** Appellant's Brief at 5. We therefore proceed to determine whether Appellant raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Edwards**, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012).

Within his petition for allowance of appeal, Appellant contends that the trial court, "did not justify making [Appellant's revocation] sentence consecutive to the very harsh sentence of seven to 20 years imposed by the Delaware County Court." Appellant's Brief at 5. Appellant supports this

claim by suggesting that, "[t]he sentencing court's failure to state the minimum sentence to be served for [all of Appellant's] offenses, as required by 42 Pa.C.S.A. § 9757, illustrates the court's failure to consider the reasonableness of imposing a consecutive sentence." *Id.* at 15. It is well settled that the imposition of consecutive sentences falls within the discretionary authority of the sentencing court and that challenges to the imposition of consecutive sentences do not raise a substantial question. *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005). However, Appellant alleges an inconsistency with a specific provision of the Sentencing Code to the extent he asserts noncompliance with 42 Pa.C.S.A. § 9757. Thus, we conclude that Appellant has raised a substantial question.

Although Appellant successfully sought review of the merits of his sentencing claim, our review of the record as a whole belies Appellant's assertion of trial court error.

Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement

of the reason or reasons for the sentence imposed. The sentencing guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines. In every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. However, this requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-761 (Pa. Super. 2014) (internal citations and quotations omitted).

Appellant claims that the court abused its discretion when it imposed a one- to two-year sentence consecutive to the seven to 20-year sentence imposed by the Delaware County Court. Appellant suggests that his punishment is too harsh because of the nature of his offenses and because a substantial period elapsed between the original offense and the probation violation for which he was recently sentenced. Appellant repeatedly

references the length of his Delaware County prison term in leveling his attack on his revocation sentence.

We have carefully reviewed the submissions of the parties, the opinion of the trial court, and the certified record. Based upon our review, we are satisfied that the trial court correctly exercised its discretion in imposing consecutive sentences given its undisputed finding that Appellant had a long history of offenses involving the sale and distribution of controlled substances. *See* Trial Court Opinion, 7/2/15, at 2. We also conclude that Appellant's passing contention with respect to 42 Pa.C.S.A. § 9757 is unavailing. This Court has previously held that, "Although [42 Pa.C.S.A. § 9757] requires the sentencing court, when it imposes consecutive sentences, to inform the defendant of his total minimum sentence, [the court's] failure to do so does not require resentencing." *Commonwealth v. Bell*, 476 A.2d 439, 452 (Pa. Super. 1984).

For each of these reasons, we hold that Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2015