J-S46038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANGEL ORTIZ, | : | |
| | : | |
| Appellant | : | No.  2208 EDA 2014 |

Appeal from the Judgment of Sentence May 5, 2011
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0013131-2009

BEFORE:    BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JULY 25, 2016**

Angel Ortiz (Appellant) appeals *nunc pro tunc* from the judgment of sentence imposed following his conviction for purchasing/receiving a controlled substance from an unauthorized person, 35 P.S. § 780-113(a)(19).  Upon review, we affirm.

On May 5, 2011, following a waiver trial, Appellant was convicted of the aforementioned offense.  Notably for purposes of this appeal, Appellant was found not guilty of possession of a controlled substance, 35 P.S. § 780-113(a)(16).  The matter immediately proceeded to sentencing, and the trial court sentenced Appellant to a three-year term of probation.

Appellant filed a notice of appeal on June 6, 2011, but on August 1, 2011, this Court dismissed the appeal for Appellant's failure to file a docketing statement pursuant to Pa.R.A.P. 3517.  Appellant subsequently

---

*Retired Senior Judge assigned to the Superior Court.

sought and received reinstatement of his appellate rights *nunc pro tunc*. This appeal followed.

Appellant presents the following issue for our consideration: "Is the evidence insufficient as a matter of law to convict Appellant of any aspect of [purchasing/receiving a controlled substance from an unauthorized person] when the trial court determined that Appellant was not in possession of a controlled substance?" Appellant's Brief at 4.

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

Section 780-113(a)(19) of The Controlled Substance, Drug, Device and Cosmetic Act provides:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> ***

- 2 -

> (19) The intentional purchase or knowing receipt in commerce by any person of any controlled substance, other drug or device from any person not authorized by law to sell, distribute, dispense or otherwise deal in such controlled substance, other drug or device.

35 P.S. § 780-113(a)(19).

At trial, the Commonwealth presented the testimony of Police Officers Mark Wolf and Mark Bates. Officer Wolf testified that on April 14, 2008, he was working in the area of the 100 block of Wishart Street in Philadelphia investigating the illegal sales of narcotics. N.T., 5/5/2011, at 9-10. He observed Jonathan Nunez (Nunez) yelling, "Wet, wet, wet," which is a street term for PCP. *Id.* at 10-11. Officer Wolf then observed an unidentified male approach Nunez. *Id.* at 11. The unidentified male had a very brief conversation and handed money to Nunez. *Id.* At that point, Nunez walked over to a valve that was embedded into the sidewalk, reached into the valve, pulled out a clear plastic baggie, took out an object or objects, and handed them to the unidentified male, who then left the area. *Id.*

Officer Wolf further testified that several minutes later, Appellant approached Nunez. *Id.* at 11-12. Appellant and Nunez also had a brief conversation, and Officer Wolf observed Appellant hand Nunez money. *Id.* at 12. Nunez again went to the valve, retrieved the clear plastic baggie, took out an object or objects, and handed them to Appellant. *Id.* Officer Wolf called back-up officers, who stopped Appellant "seconds" later. *Id.*

- 3 -

Officer Bates testified that he was working back-up to Officer Wolf on the day in question and that he and his sergeant, Sergeant Dutch, were in uniform on bikes. *Id.* at 22. As a result of information they received, they went to the area of A and Wishart Streets, where Appellant was arrested by Sergeant Dutch in Officer Bates's presence. *Id.* Recovered from Appellant's hand "was one clear jar with a red lid, containing a dark vegetable matter, alleged PCP."[1] *Id.* at 22, 24. Officer Bates testified that he also stopped Nunez, and Nunez directed him to the vent in the ground where Officer Bates "recovered a clear baggie with 14 additional glass jars. … [containing] alleged PCP." *Id.* at 23. Officer Bates also recovered fifteen dollars from Nunez. *Id.*

This evidence, viewed in the light most favorable to the Commonwealth, is sufficient to establish that Appellant purchased/received a controlled substance from an unauthorized person. In arguing to the contrary, Appellant suggests that the evidence is insufficient as a matter of law because possession of the controlled substance is an element of the crime for which he was convicted, and the trial court acquitted Appellant of possession of a controlled substance, thereby determining that he was not in possession of a controlled substance. Appellant's Brief at 8, 10-11. We disagree.

---

[1] The parties do not dispute that the controlled substance at issue is PCP.

A plain reading of the statutory language defining purchase/receipt of a controlled substance from an unauthorized person reveals that possession is not an element of the crime, and Appellant cites no authority in support of his contention to the contrary. Thus, we agree with the Commonwealth that "possession of the drugs is not an element of the crime for which he was convicted, and was not required to prove [Appellant's] guilt." Commonwealth's Brief at 6.

Moreover, even if possession of the controlled substance were required to convict Appellant, he would still not be entitled to relief. First, the evidence as discussed above is sufficient to establish that Appellant possessed the PCP at issue. Second, with respect to his acquittal on the possession charge, we observe that "[i]t is well-settled that inconsistent verdicts are permissible in Pennsylvania" and that "this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict."[2] Moreover, "[a]n acquittal cannot

_____

[2] Appellant relies upon *Commonwealth v. Magliocco*, 883 A.2d 479 (Pa. 2005), to argue that the general rule permitting inconsistent verdicts is inapplicable in the present context. Appellant's Brief at 9-11. In *Magliocco*, our Supreme Court held that Magliocco's conviction for ethnic intimidation could not stand because he was acquitted of terroristic threats, which was a predicate offense to ethnic intimidation at the time of his conviction. *Id.* at 493. We note that our Supreme Court has "reject[ed] any notion that *Magliocco*[] … represent[ed an] exception[] to the long-standing principles that juries may issue inconsistent verdicts and that reviewing courts may not draw factual inferences in relation to the evidence from a jury's decision to acquit a defendant of a certain offense." *Commonwealth v. Moore*, 103 A.3d 1240, 1249 (Pa. 2014). The *Moore*

be interpreted as a specific finding in relation to some of the evidence."

***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (internal

quotation marks and citation omitted).  As we have already concluded that,

even assuming *arguendo* that possession was a required element, there is

sufficient evidence to support Appellant's conviction, Appellant's acquittal on

the possession offense is of no moment.[3]

Appellant has failed to establish that he is entitled to relief.

Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

---

Court emphasized that ***Magliocco***'s holding "was grounded in the delineation of the elements of ethnic intimidation set forth in the text of that statute" and that "[i]t was the fact of the jury's acquittal—not any factual inference drawn from the acquittal—and the statutory elements that drove [its] discussion."  ***Id.*** at 1248 (internal quotation marks omitted).  As the general rules pertaining to inconsistent verdicts apply herein, and possession of a controlled substance is not a predicate offense to purchase purchase/receipt of a controlled substance from an unauthorized person, ***Magliocco*** affords Appellant no relief.

[3] Finally, with respect to Appellant's acquittal, we observe that the rationale for the rule permitting inconsistent verdicts "rests in the jury's sole prerogative to decide that conviction on some counts will provide sufficient punishment to acquit on the remaining counts.  [A]llowing inconsistent verdicts in criminal trials runs the risk that an occasional conviction may have been the result of compromise.  But the advantage of leaving the jury free to exercise its historic power of lenity has been correctly thought to outweigh that danger."  ***Commonwealth v. Glendening***, 396 A.2d 793, 795 (Pa. Super. 1979).  As this matter involved a waiver trial, we also note that "[p]ursuant to Pa.R.Crim.P. [620], judges have the same powers as juries when a jury trial is waived.  Accordingly, a judge, in a non-jury trial, has the power to render inconsistent verdicts."  ***Commownealth v. Cook***, 865 A.2d 869, 877 (Pa. Super. 2004).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/25/2016