J-S46037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ALEXANDER, | : | |
| | : | |
| Appellant | : | No. 645 EDA 2014 |

Appeal from the Judgment of Sentence January 15, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0007265-2012

BEFORE: BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JULY 26, 2016**

Anthony Alexander (Appellant) appeals from the judgment of sentence entered following his convictions for simple assault and recklessly endangering another person (REAP). Upon review, we affirm.

Appellant was convicted of the aforementioned crimes following a jury trial on September 11, 2013, based on his involvement in an altercation among Appellant, his girlfriend, and several other women. He was sentenced to an aggregate term of four years of probation. Appellant timely filed a notice of appeal to this Court, wherein he raises the following issue: "Whether the verdict was insufficient as a matter of law to convict … Appellant of simple assault where the complaints [*sic*] antagonized and

*Retired Senior Judge assigned to the Superior Court.

attacked … Appellant and he acted in self-defense and in the defense of others?" Appellant's Brief at 5 (unnecessary capitalization omitted).[1]

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

Appellant argues that the evidence was insufficient to support his simple assault conviction because "the evidence indicated that [he] was acting in his defense and in the defense of his girlfriend." Appellant's Brief at 10. Appellant presents the following in further support of his argument:

> In the instant matter, … Appellant's girlfriend testified that they were attacked by the four women when they were walking back from a bar and only acted to protect themselves. The women on the other hand, lied about drinking, were under age drinking, confused major details about the crime and refused medical treatment. Only one of the wom[e]n had visible injuries and there was great contradiction about how that injury was

---

[1] We observe that the trial transcripts are missing from the certified record. However, given the nature of Appellant's claim as discussed below, their absence does not hamper our review.

> sustained. There was insufficient evidence to convict … Appellant of simple assault as a matter of law and the conviction should be overturned.

*Id.* at 11 (citation omitted).

Although Appellant purports to challenge the sufficiency of the evidence, a review of his argument reveals that he is merely challenging the credibility and weight determinations made by the jury. It is well settled, however, that "it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence, and the factfinder is free to believe all, part, or none of the evidence." *Commonwealth v. Koehler*, 914 A.2d 427, 436 (Pa. Super. 2006). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Trippett*, 932 A.2d 188, 194 (Pa. Super. 2007) (citation omitted). Thus, no relief is due on this basis. *See Trippett*, 932 A.2d at 194 ("As our Court cannot assess the credibility of witnesses and Trippett does not provide any other argument to support his assertion, we find no merit in his sufficiency claim …."); *Koehler*, 914 A.2d at 437 (explaining that "the jury clearly disbelieved [the appellant's] defense theories … and there exists no reason to disturb the jury's determination on appeal").

Appellant has failed to establish that the evidence was insufficient to support his conviction for simple assault. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

P.J.E. Bender joins.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/26/2016