J-S54020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA J. KNECHT | |
| Appellant | No. 1766 WDA 2015 |

Appeal from the Judgment of Sentence May 29, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002916-2012

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                **FILED SEPTEMBER 20, 2016**

Lisa J. Knecht appeals from the judgment of sentence imposed on May 29, 2015, in the Court of Common Pleas of Westmoreland County.  A jury convicted Knecht of 11 counts of endangering the welfare of children (EWOC).[1]  The trial court sentenced Knecht to an aggregate term of 13½ to 27 years' imprisonment.  Knecht raises six claims, challenging (1) the denial of  her motion for recusal, (2) the denial of her pre-trial motion *in limine*, (3) the admission of irrelevant or hearsay testimony,[2] (4) the denial of her

_____

[1] 18 Pa.C.S. § 4304(a)(1).

[2] Pa.R.A.P. 2116(a) provides that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."  We note Knecht's challenge to the trial court's evidentiary rulings regarding the admission of testimony is framed as a single issue in the Statement of Questions Involved.  However, the Argument section is comprised of sub-arguments regarding various witnesses that were

*(Footnote Continued Next Page)*

motion for judgment of acquittal as to all counts and the separate request for dismissal of Count 11,[3] (5) the discretionary aspects of sentencing, and (6) the sufficiency of the evidence to establish the element of knowledge required for EWOC. Based upon the following, we affirm on the basis of the trial court's sound opinion.

The EWOC convictions against Knecht resulted from Knecht's actions in allowing Donald Knecht, her husband, whom she knew had previous convictions involving minors and "at the very least, had fondled his daughter,"[4] to be alone with children at her daycare facility, and to be alone with their two grandchildren at their home. The Honorable Rita Donovan Hathaway has set forth a full procedural history as well as an extensive discussion of the facts underlying Knecht's convictions in her Pa.R.A.P. 1925(a) opinion, and, therefore, we need not restate the background of this case herein. ***See*** Trial Court Opinion, 12/31/2015, at 1–14.

_(Footnote Continued)_ ———————————

previously raised in Knecht's concise statement as separate issues. While we do not condone Knecht's format, we have considered these claims, which have been separately addressed by the trial court in its opinion, as they are fairly encompassed within the issue identified in the Statement of Questions Involved.

[3] We note Knecht's concise statement only preserves the issue with regard to the court's denial of the motion for judgment of acquittal as to Count 11. ***See*** Knecht's Pa.R.A.P. 1925(b) Statement, 11/5/2015, at ¶¶ 21–22.

[4] Trial Court Opinion, 12/31/2015, at 26.

Moreover, the trial court's opinion provides a well-reasoned discussion that thoroughly addresses and properly rejects the issues raised in this appeal.[5]  **See** Trial Court Opinion, **supra**, at 15–33[6] (explaining:  (1)  The trial court did not abuse its discretion in denying the motion for recusal where the fact that the trial court recognized it was already familiar with the case, and that it would be able to hear the case in April, 2015, was a showing of judicial efficiency; (2) The trial court did not abuse its discretion in denying Knecht's pre-trial motion *in limine* seeking to preclude admission of Donald Knecht's convictions where the Commonwealth introduced witnesses who stated Knecht was aware of his convictions; (3)(a) The testimony of Erica Wilson, who stated that she observed Donald Knecht looking at a young girl at the daycare in a strange way, was relevant to Knecht's knowledge, and Wilson's testimony that Knecht was present when the behavior took place  advanced the inference that Knecht placed children

_____

[5] On October 29, 2015, the trial court ordered Knecht to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Knecht complied with the trial court's order by filing a concise statement on November 5, 2015.  On December 22, 2015, the trial court issued an opinion pursuant to Rule 1925(a).

[6] We note that, in this appeal, Knecht does not present the separate claim that the trial court abused its discretion by rejecting a negotiated guilty plea, which was an issue raised by Knecht in her concise statement and addressed by the trial court.  **See** Trial Court Opinion, 12/31/2015, at 14–15.  We further note that Knecht does not challenge the weight of the evidence, which was also raised in Knecht's concise statement, and discussed by the trial court in its opinion.  **See id.** at 33–36.

in Donald Knecht's care knowing that he was a danger, and this testimony was not so prejudicial to distract the jury, nor to outweigh its probative value; (3)(b) The testimony of Barbara Huff, a caseworker for the Westmoreland County Children's Bureau, regarding the prior inconsistent statement of Kristine Melville, Knecht's daughter, was properly admitted as a statement to impeach a witness; (3)(c) Detective Weaver's testimony regarding items recovered from the marital residence (including pornographic images of Knecht's two grandchildren) was certainly relevant although the Commonwealth could not establish that Knecht had constructive knowledge that these items existed: It supported the inference that Knecht knew she was endangering both the children at the daycare as well as her own grandchildren by allowing her husband to watch both groups unsupervised, made clear Knecht allowed her grandchildren to be unsupervised in her own home with Donald Knecht, and the prejudice to Knecht was outweighed by its probative value in establishing Knecht's knowledge she was violating a duty of care, an element of the EWOC charge at Count 11; (3)(d) The Commonwealth's cross-examination questioning of Knecht to clarify the record regarding the year when Knecht first met her husband, which was based upon information set forth in a pre-sentence report, without any mention of the pre-sentence report that had been prepared as a result of Knecht's withdrawn guilty plea, was not error; (4) The trial court did not err in denying Knecht's request for judgment of acquittal as to Count 11 (pertaining to Knecht's grandchildren) because the

Commonwealth sustained its burden of proving the elements of the crime under Count 11, the court set out the correct elements for the charge of EWOC, and nothing in the record suggests the jurors were confused by the different charges; and (5) There was a plethora of evidence that Knecht did not act after being informed that Donald Knecht was not legally permitted around children unsupervised; the same would apply to Count 11 and Knecht's grandchildren who were sometimes present in the daycare, and also often visited Knecht's home.)[7]  As our review leads us to conclude no

_____

[7] Although Knecht has presented a challenge to the discretionary aspects of sentence in her appellate brief, Knecht did not identify this issue separately in her Rule 1925(b) statement, alleging only in the "Wherefore" clause that the trial judge "abused her discretion in sentencing [Knecht] to 13½ to 27 years[' imprisonment]. Knecht's Pa.R.A.P. 1925(b) Statement, 11/5/2015. **See also** Pa.R.A.P. 1925(b)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of paragraph (b)(4) are waived.").

Even if Knecht's discretionary sentencing claim is regarded as preserved by the concise statement, Knecht has failed to include a Pa.R.A.P. 2119(f) statement in her brief, and the Commonwealth has lodged an objection to this omission.  **See** Commonwealth's Brief, at 33–35. **See also Commonwealth v. Trinidad**, 96 A.3d 1031, 1039 (Pa. Super 2014) ("Because Appellant neglected to include a separate Rule 2119(f) statement in his brief and because the Commonwealth has objected to this omission, we deem Appellant's challenge to be waived.").  Accordingly, the discretionary sentencing issue has been waived.

In any event, we would find no relief is due. The trial court had the benefit of a pre-sentence report and explained the reason for its sentence, and the record supports the aggregate sentence fashioned by the trial court. Accordingly, we would find no abuse of discretion by the trial court in imposing 10 standard range sentences of 1 to 2 years' imprisonment on the first 10 charges, and the maximum sentence of three-and-one-half to seven

*(Footnote Continued Next Page)*

further elaboration is warranted by this Court, we affirm on the basis of Judge Hathaway's December 31, 2015 opinion.[8]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2016

_____

*(Footnote Continued)* ──────────

years' imprisonment on Count 11, with all sentences made to run consecutively.

[8] To protect the privacy of the children involved in this case, we have not attached a copy of the trial court's opinion, which cannot be feasibly redacted.