J-S06043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WESLEY AARON DAVIS JR. :
:
Appellant : No. 2398 EDA 2018

Appeal from the Judgment of Sentence Entered July 3, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004440-2017

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

CONCURRING MEMORANDUM BY BOWES, J.: **FILED JUNE 26, 2019**

I join the portion of the Majority Memorandum holding that Appellant

failed to establish that the trial court abused its discretion in denying his post-

sentence challenge to the weight of the evidence. Majority Memorandum at

4-5. While I also agree that Appellant's sufficiency challenge merits no relief,

I would not find the claim waived.

Our Supreme Court has reversed this Court's refusal to address a

sufficiency challenge based upon a non-specific 1925(b) statement where it

was a "relatively straightforward" case with a modest-sized evidentiary record

and the trial court understood and addressed the claim. ***Commonwealth v.***

***Laboy***, 936 A.2d 1058, 1060 (Pa. 2007).

Appellant was convicted of one crime: persons not to possess firearms.

That crime has two elements: (1) that the defendant possessed a firearm, and

(2) that he was convicted on an enumerated offense that prohibited him from

doing so. **Commonwealth v. Miklos**, 159 A.3d 962, 967 (Pa.Super. 2017); 18 Pa.C.S. § 6105(a)(1). There is a single transcript from the one-day trial, and the trial court addressed Appellant's sufficiency challenge. Applying **Laboy**, I would not deem Appellant's sufficiency challenge waived.

Nonetheless, I agree that Appellant is entitled to no relief on his sufficiency challenge. Appellant acknowledges that the Commonwealth offered evidence to establish the elements of the offense, yet argues that his own testimony should have been credited instead. **See** Appellant's brief at 11-14. This argument flies in the face of the well-established principles that a jury is free to believe all, part, or none of the evidence presented at trial, this Court will not disturb the jury's credibility determinations, and sufficiency review is conducted viewing the evidence in the light most favorable to the Commonwealth as verdict-winner. **See**, **e.g.**, **Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa.Super. 2014).

Applying our standard of review, I would affirm Appellant's conviction based upon the evidence detailed in the trial court's opinion. **See** Trial Court Opinion, 9/12/18, at 14-15 (discussing Officer Kyle Hand's testimony that he saw Appellant possess and discard a firearm, and the Commonwealth's evidence of Appellant's prior robbery conviction); N.T. Trial, 4/25/18, at 57 (Officer Hand testifying that Appellant pulled a firearm out of his pocket and toss it to the ground).

Therefore, I concur.

Judge Dubow joins the concurring memorandum.