J-S09011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                         :  PENNSYLVANIA
                                         :
              v.                     :
                                         :
                                       :
CARLOS RAFAEL ALVARADO       :
                                       :
          Appellant          :   No. 1000 WDA 2022

Appeal from the Judgment of Sentence Entered May 26, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0004894-2018

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:           **FILED: MAY 8, 2023**

Appellant, Carlos Rafael Alvarado, appeals from the aggregate judgment of sentence of 2½ to 5 years' incarceration, followed by 2 years' probation, imposed after he was convicted of criminal attempt - photographing, videotaping, depicting on computer or filming sexual acts of a minor,[1] invasion of privacy,[2] criminal attempt – invasion of privacy,[3] tampering with or fabricating physical evidence,[4] possession of drug paraphernalia,[5] and

---

[1] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 6312(b)(2).

[2] 18 Pa.C.S. § 7507.1(a)(1).

[3] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 7507.1(a)(1).

[4] 18 Pa.C.S. § 4910(1).

[5] 35 P.S. § 780-113(a)(32).

possession of marijuana.[6]  Appellant challenges the sufficiency of the evidence

to sustain several of his convictions.  After careful review, we affirm.

The trial court summarized the facts of Appellant's case as follows:

The charges in this case arose from an investigation into allegations of screenshot photographs found on [Appellant's] computer depicting minor females in the restroom at his residence in Greensburg, Westmoreland County[,] in April of 2018.  The evidence presented at the non[-]jury trial established that in April of 2018, [the victim (a minor)] periodically resided with … [Appellant], in a two-bedroom, two-bathroom duplex.  [The victim] testified that while she stayed with [Appellant], she had her own bedroom and used the bathroom in the basement, while [Appellant] had a separate bathroom in his master bedroom[,] which he kept locked.  In April of 2018, while [the victim] was staying with [Appellant], she indicated that she and her friend [K.C. (a minor)], used a key to unlock [Appellant's] bedroom door while he was out of the house.  While in [Appellant's] room, [the victim] observed more than five screenshot photographs on [Appellant's] laptop of women's rear-ends wearing underwear standing in front of the toilet in her bathroom.  According to [the victim], the laptop was connected to [Appellant's] television[,] which was sitting on top of his dresser.  Upon observing these images, [the victim] stated that she and [K.C.] went to her bathroom downstairs and discovered a phone sitting on top of the inside of the trash can with the video recording active.  [The victim] indicated that the video recording was active for 13 minutes—the approximate[] time that [Appellant] had [been gone from] the house.  [The victim] testified that she stopped the recording, and viewed the entire clip[,] observing [Appellant] set the video up prior to leaving the house.  [The victim] indicated that she called her mother, and her mother informed her that she was going to call the police.

When [Appellant] arrived back home, [the victim] testified that she asked [him] what was on the phone, and he took the phone out of her hand and "started deleting everything" before asking her if she wanted to go to the mall.  According to [the victim], [Appellant] explained that, "[H]e was checking the lights because

---

[6] 35 P.S. § 780-113(a)(31).

the lights kept flickering on and off." When testifying as to one specific picture that she remembered seeing on [Appellant's] computer, [the victim] stated, "There's no proof that it was me or that [it] wasn't me[], it's just it was in my bathroom, so I feel like it probably was." [The victim's] date of birth is December 12, 2002.

[K.C.] testified that on the date of the incident in April of 2018, she stayed overnight with [the victim] at [Appellant's] residence. [K.C.] stated that she and [the victim] usually stayed in [the victim's] bedroom, and they used the bathroom downstairs. [K.C.] indicated that on the following day, after [Appellant] left the residence, [the victim] went into [Appellant's] bedroom and then called for [K.C.] to come into the room. Once inside the room, [K.C.] testified that they looked at [Appellant's] computer[,] which was connected to the television[,] and saw pictures of people from the bathroom that they use. Specifically, in one photograph, [K.C.] indicated that she observed the side of a female's leg. After observing these pictures, [K.C.] stated that she and [the victim] went downstairs to the bathroom and located a camera device in the garbage can in the corner. [Although they did] not examin[e] the photographs very closely, [K.C.] testified that she was concerned seeing these photographs "[b]ecause I could have been on, like, one of those pictures." [K.C.'s] date of birth is June 29, 2003.

Pennsylvania State Police Trooper Keith Sobecki testified relative to his investigation in this case and the subsequent charges that he filed against [Appellant]. Trooper Sobecki stated that the initial investigation was reported to the state police patrol unit on April 28, 2018, at which time the victims were interviewed and a ChildLine Investigation was started. Greensburg City Police also started their own investigation, and forwarded their preliminary stages of the investigation to the state police, who received the case in May of 2018 for further investigation. After applying for and securing a search warrant for [Appellant's] residence, Trooper Sobecki testified that he executed the warrant on May 11, 2018; however, he did not locate a laptop computer or an iPhone in the residence. The only electronic device that Trooper Sobecki located was the television [sitting] on the dresser in [Appellant's] bedroom. [Appellant] elected not to testify at trial.

Trial Court Opinion (TCO), 10/7/22, at 1-3 (citations to the record omitted).

After a non-jury trial, the court convicted Appellant of the above-stated offenses. On May 26, 2022, the court sentenced him to the aggregate term set forth *supra*. Appellant filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on October 7, 2022. Herein, Appellant states four issues for our review:

> I. Whether the trial court erred in finding sufficient evidence to sustain a conviction at count 2, criminal attempt [- photographing, videotaping, depicting on computer or filming sexual acts of a minor], … when the manner in which the recording device was situated would not have recorded K.C.['s] engag[ing] in a prohibited act or simulation of a prohibited act and would not have recorded K.C. nude?
>
> II. Whether the trial court erred in finding sufficient evidence to sustain a conviction at count 3, invasion of privacy, … when there were no images of [the victim] offered at trial?
>
> III. Whether the trial court erred in finding sufficient evidence to sustain a conviction at count 4, criminal attempt [- invasion of privacy], … when the manner in which the recording device was situated would not have recorded K.C. in a state of full or partial nudity?
>
> IV. Whether the trial court erred in finding sufficient evidence to sustain a conviction at count 5, tampering with [or fabricating] physical evidence, … when there was no evidence offered at trial that [Appellant] removed any electronic devices believing that an official proceeding or investigation is pending or about to be instituted?

Appellant's Brief at 4-5 (unnecessary capitalization omitted).

Initially, we observe that,

> [w]hether the evidence was sufficient to sustain the charge presents a question of law. ***Commonwealth v. Toritto***, 67 A.3d 29 (Pa. Super. 2013) (*en banc*). Our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v.***

- 4 -

> **Walls**, 144 A.3d 926 (Pa. Super. 2016). In conducting our inquiry, we examine[,]
>
> > whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.
>
> **Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quotation omitted).

**Commonwealth v. Rojas-Rolon**, 256 A.3d 432, 436 (Pa. Super. 2021), *appeal denied*, 285 A.3d 879 (Pa. 2022).

Here, Appellant first challenges the sufficiency of the evidence to sustain his conviction for criminal attempt - photographing, videotaping, depicting on computer or filming sexual acts of a minor. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). Section 6312(b)(2) states:

> **(b) Photographing, videotaping, depicting on computer or filming sexual acts.--**
>
> ***

(2) Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act commits an offense.

18 Pa.C.S. § 6312(b)(2). A "prohibited sexual act" includes "nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." 18 Pa.C.S. § 6312(g).

Appellant argues that the evidence was insufficient to sustain his conviction for this offense because,

> [i]n the case at bar, all of the images, alleged to have been viewed by [the victim] and K.C., did not depict anyone engaged in a prohibited act or simulation of an act. Further, all of the images, alleged to have been viewed by [the victim] and K.C., did not depict anyone nude. In the images [the victim] viewed, the women were not naked but were wearing underwear. K.C. testified that she only saw images of a woman's leg. Therefore, it follows that if the images [the victim] and K.C. viewed did not depict anyone engaged in a prohibited act or simulation of an act and did not depict anyone nude, that the way the recording device was situated on the trash can would not have recorded K.C. engaged in a prohibited act or simulation of a prohibited act and would not have recorded K.C. nude.
>
> Thus, the trial court erred in finding sufficient evidence to sustain a conviction for [criminal attempt - photographing, videotaping, depicting on computer or filming sexual acts of a minor].

Appellant's Brief at 12-13 (formatting adjusted).

The Commonwealth's responds to Appellant's argument, contending that it

> can be distilled to this: because the Commonwealth did not prove the **completed crime** of [photographing, videotaping, depicting on computer or filming sexual acts of a minor, the Commonwealth] did not prove an attempt to commit the same. Of course, this is illogical and incorrect.

- 6 -

The Commonwealth's evidence, which the trial court credited, demonstrated that [Appellant] secreted an iPhone camera in a bathroom that [the victim] and her juvenile friend[, K.C.,] would almost certainly have to use while he was gone. They were not permitted to use another bathroom. [Appellant] angled the camera so that it would capture the girls using the toilet, where they would naturally have to unwittingly expose themselves to the camera. Whether or not [Appellant] had previously recorded these girls in the bathroom and retained those videos on his computer, the evidence unmistakably demonstrates that recording the girls nude was his intention when he [left his residence].

Further, [Appellant's] immediate deletion of the evidence of his conduct, and the apparent subsequent removal of all electronic devices from his home, demonstrate[s] his own consciousness of guilt. The suggestion that "the way the recording device was situated on [*sic*] the trash can … would not have recorded K.C. nude," Appellant's Brief at 13, is belied by the record. If that were correct, he would not have needed to delete the evidence[,] which could have [ostensibly] established his innocence.

The evidence was sufficient to sustain the conviction at Count 2.

Commonwealth's Brief at 6-7 (emphasis added). We agree with the Commonwealth. Therefore, Appellant's first issue is meritless.

Next, Appellant challenges the sufficiency of the evidence to sustain his conviction for invasion of privacy. That offense is defined as follows:

**(a) Offense defined.--**Except as set forth in subsection (d), a person commits the offense of invasion of privacy if he, for the purpose of arousing or gratifying the sexual desire of any person, knowingly does any of the following:

(1) Views, photographs, videotapes, electronically depicts, films or otherwise records another person without that person's knowledge and consent while that person is in a state of full or partial nudity and is in a place where that person would have a reasonable expectation of privacy.

18 Pa.C.S. § 7507.1(a)(1).

Aside from defining the at-issue offense, Appellant's entire argument in support of his second issue is the following two sentences:

In the case at bar, there were no images of [the victim] offered at trial[,] nor was [the victim], able to identify herself in the images she testified to seeing on [Appellant's] computer.

Thus, the trial court erred in finding sufficient evidence to sustain a conviction at Count 3.

Appellant's Brief at 14.

Appellant's cursory argument is unconvincing, as we again find the Commonwealth's counter-argument much more persuasive:

When she and K.C. discovered the images on [Appellant's] computer, [the victim] "was terrified at the moment." Looking for a "camera down there that [she] didn't know about," [the victim] went to her bathroom without looking closely at the thumbnails on [Appellant's] computer and without clicking on any of the videos to watch what they showed. [The victim] could not exclude herself as the female in the "thong," saw nothing that would allow her to say it wasn't her, and believed that it was based upon the photo being taken in her own bathroom. [The victim's] explanation for why she believed herself to have been one of, or the only, female recorded in her bathroom was consistent with the other evidence and testimony in the case, consistent with common sense, and obviously credited by the trial court.

∗∗∗

In addition, the verdict[] [was] supported by the inference permitted by [Appellant's] conduct. Of course, no photographs or videos were presented as evidence; despite the credible testimony of [the victim] and K.C. of their existence, all electronic devices capable of retaining or recording such media had been removed from [Appellant's] home between his confrontation [by the victim] and the execution of a search warrant there. Instead of being supportive of [Appellant's] appeal, [it was permissible for the trial court to utilize] the absence of this evidence … as creating an inference that [Appellant] was conscious of his guilt. **Commonwealth v. Paddy**, 800 A.2d 294, 319 (Pa. 2002)

[("[A]ttempts by a defendant to suppress evidence are admissible to demonstrate his or her consciousness of guilt.")] ((citing **Commonwealth v. Johnson**, 668 A.2d 97, 106 (Pa. 1995)).

Commonwealth's Brief at 8-9 (citations to the record omitted).

We agree with the Commonwealth that the circumstantial evidence in this case was sufficient to permit the court, as the fact-finder, to infer that at least some of the photographs viewed by the victim and K.C. depicted images of the victim. It is understandable that the victim was reluctant to closely examine the photographs to discern whether they were pictures of her, considering that if so, it would mean she was being covertly filmed by Appellant, whom she trusted, while using the bathroom in her own home. Moreover, the fact that the victim and K.C. both testified that the photographs they saw were images of females in a state of undress, taken in the only bathroom in the house that the victim was permitted to use, was sufficient for the court to infer that Appellant had recorded the victim in a state of full or partial nudity in a place where she had a reasonable expectation of privacy. Thus, Appellant's second issue is meritless.

In Appellant's third issue, he alleges that the evidence was insufficient to support his conviction for criminal attempt – invasion of privacy. According to Appellant,

[a]ll of the images, alleged to have been viewed by [the victim] and [K.C.], did not depict anyone nude. In the images [the victim] viewed, the women were not naked but were wearing underwear. K.C. testified that she only saw images of a woman's leg. In the instant case, the way the recording device was situated on the trash can would not have recorded K.C. in a state of full or partial

nudity. The trial court erred in finding sufficient evidence to sustain a conviction at [c]ount 4.

Appellant's Brief at 14-15 (formatting adjusted).

Again, Appellant's brief argument is meritless. The fact that the victim and K.C. did not see any photographs of women nude is irrelevant to whether Appellant **attempted** to commit invasion of privacy. Appellant hid a cell phone in the bathroom pointed at the toilet, and began recording at a time when he knew that the victim and K.C. were in the home and that the only bathroom they could use was the one in which he had placed the camera. This evidence was sufficient to show that Appellant attempted to photograph or film K.C. without her knowledge and consent while she was in a state of full or partial nudity in a place where she would have a reasonable expectation of privacy. Thus, his conviction for criminal attempt – invasion of privacy is supported by sufficient evidence.

Finally, Appellant challenges the sufficiency of the evidence to sustain his conviction of tampering with or fabricating physical evidence, which is defined as follows:

> A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:
>
> > (1) alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation; or

18 Pa.C.S. § 4910(1).

Appellant's entire argument in support of his fourth issue encompasses the following paragraph:

[Appellant] is accused of tampering with physical evidence, 18 P[a.C.]S[. §] 4910(1). Trooper Sobecki made contact with [Appellant] two or three days before he executed the search warrant. Trooper Sobecki testified that the only electronic device he found from [Appellant's] residence was a television. There was no evidence offered at trial that [Appellant] removed any electronic devices believing that an official proceeding or investigation is pending or about to be instituted. Thus, the trial court erred in finding sufficient evidence to sustain a conviction at count 5.

Appellant's Brief at 15 (citations to the record and unnecessary capitalization omitted; formatting adjusted).

In rejecting Appellant's sufficiency claim, the trial court explained that,

[d]espite no direct physical evidence that [Appellant] removed any electronic devices believing that an official proceeding or investigation was pending or about to be pending [for] the crimes charges, the court finds that there is circumstantial evidence of guilt and consciousness of guilt through [Appellant's] actions. Testimony established that [the victim] confronted [Appellant] with the phone that was used to record, and he took the phone from her and began deleting things before attempting to change the subject. The police were called, and a subsequent investigation followed. Trooper Sobecki's testimony established that [aside from] the television, no other electronic devices were found in the residence during the execution of the search warrant. The court finds that guilt of tampering with … physical evidence may be inferred beyond a reasonable doubt.

TCO at 10 (unnecessary capitalization omitted).

The Commonwealth agrees with the court that Appellant's claim is meritless, arguing:

As recounted above, the trial court credited the testimony of [the victim] and K.C., which clearly identified [Appellant] as having been in possession of, at the least, a laptop computer with images that came from [the victim's] bathroom, as well as the iPhone he took from [the victim's] hand after she found the same in the bathroom trash can. Consistent with his arguments in this appeal, [Appellant] knew that the best evidence of his misdeeds could be

- 11 -

found on those devices. [Appellant] began his tampering when he deleted the video on the iPhone in front of [the victim]. The fact that all electronic devices, with the sole exception of a television, were removed from his residence before the police came to search, further buttresses the belief that this evidence was discarded in order to intentionally impair the availability of this evidence for trial. Although his present reliance on the lack of photographs and/or videos as evidence [of his innocence] does not prove his conduct in April of 2018, it demonstrates most effectively the motivation to have tampered with the evidence in the first place.

Commonwealth's Brief at 9-10.

We agree with the trial court and the Commonwealth that the evidence was sufficient to support Appellant's conviction. The victim and K.C. testified that they saw a laptop with images on it, and they found a cell phone in the victim's bathroom. The victim testified that Appellant immediately began deleting content from the cell phone when she confronted him, and that same cell phone and the laptop computer were gone when the police later searched Appellant's residence. This evidence was sufficient circumstantial proof that Appellant, believing that an investigation into his conduct was pending, destroyed, concealed, or removed those electronic devices to prevent their use in the investigation and/or prosecution of his crimes. Accordingly, the evidence was sufficient to support his conviction of tampering with or fabricating physical evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2023