J-S20037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHYKEIR SMITH | : | |
| | : | |
| Appellant | : | No. 3274 EDA 2015 |

Appeal from the Judgment of Sentence October 1, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012874-2014,
CP-51-CR-0012875-2014

BEFORE:   BOWES, J., OTT, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                         **FILED MAY 02, 2017**

Shykeir Smith appeals from the judgment of sentence imposed on October 1, 2015, in the Court of Common Pleas of Philadelphia County. At Docket No. 12874-2014 (victim Yolanda Smith), a jury found Smith guilty of criminal attempt – murder, firearms not to be carried without a license, carrying firearms in public on the streets of Philadelphia, and possessing an instrument of crime.[1]  At Docket No. 12875-2014 (victim Felix House), the jury found Smith guilty of criminal attempt – murder, and robbery.[2]  The trial court sentenced Smith to an aggregate term of 38½ to 82 years'

_____

[1] 18 Pa.C.S. §§ 901, 6106, 6108, and 907, respectively.

[2] 18 Pa.C.S. §§ 901 and 3701(a)(1)(ii), respectively.

imprisonment. Smith challenges the sufficiency of the evidence, and the denial of his motion for mistrial. Based on the following, we affirm.

The trial court has fully summarized the factual and procedural history of this case, and therefore we do not restate them here. *See* Trial Court Opinion, 10/27/2016, at 1–6. Briefly, the victims, Felix House and Yolanda Smith, were shot and seriously injured by Smith. Smith and a cohort came up to the victims, and Smith demanded repayment of a $30.00 drug debt from House, fought with Yolanda Smith, and then began shooting.

Smith frames two questions on appeal, as follows:

A. Was the evidence insufficient to sustain the guilty verdicts where none of the Appellant's DNA was recovered from any of the evidence to include the firearm used in the shooting, the testimony of Felix House and Yolanda Smith were inconsistent, contradictory and unreliable as both drug addicts were high at the time of the shooting and Ms. Smith admitted to lying, and the evidence was that either a man named "Blue" or "Simere Ruffin" committed the shooting?

B. Did the court commit error in not granting a mistrial after Juror #5 was seen [mouthing] the word "guilty" prior to deliberating?

Smith's Brief at 6.[3]

Our review of a sufficiency claim is well settled:

Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish

---

[3] Smith timely complied with the order of the trial court to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

Initially, we point out that Smith does not contest the sufficiency of the evidence to support any of the applicable elements of any of the offenses, but rather his argument is that the evidence was insufficient to prove he was the perpetrator. Our review confirms the trial court's opinion comprehensively addresses and properly disposes of Smith's sufficiency challenge. ***See*** Trial Court Opinion, 10/27/2016, at 7-17 (finding evidence sufficient to support Smith's convictions where, *inter alia*, both victims testified they knew Smith as "S" from the neighborhood; both victims gave detailed, consistent and corroborating accounts of relevant events to police officers and in court, and both victims positively identified Smith without any hesitation).[4]

_____

[4] Although the trial court did not specifically address Smith's robbery conviction in its sufficiency discussion, that conviction is supported by the same identification evidence that supports the other convictions.

Moreover, we agree with the Commonwealth's position that the sufficiency arguments presented by Smith only implicate the weight of the evidence, not its sufficiency.

To the extent that Smith relies upon the lack of DNA evidence, we note that "an absence of evidence is not evidence of absence." ***Commonwealth v. Heilman***, 867 A.2d 542, 547 (Pa. Super. 2005) (affirming denial of post-conviction DNA testing that would not have proven the appellant's innocence and reiterating that "a murder suspect may be convicted on wholly circumstantial evidence"). The fact that there was no DNA evidence linking Smith to the crimes did not require the jury to find Smith innocent.

Furthermore, Smith's attack on the witnesses' testimony as "inconsistent, contradictory and unreliable" is a credibility challenge that goes to the weight of the evidence, not its sufficiency. ***See Commonwealth v. Griffin***, 65 A.3d 932 (Pa. Super. 2013) (stating defendant's claim he was wrongly identified as perpetrator of crimes based on "unbelievable identification testimony" went to witness's credibility and challenged weight, not sufficiency, of evidence). Therefore, we reject Smith's sufficiency claim.

Finally, Smith contends the trial court erred in not granting a mistrial after Smith's parents reported to trial counsel that they saw Juror #5 mouthing the word "guilty" to a court officer prior to deliberating. Smith

argues the trial court "failed to question [Juror #5] or even excuse this Juror and replac[e] the Juror with an alternate." Smith's Brief at 13.[5]

> The refusal of a new trial on the grounds of alleged misconduct of a juror is largely within the discretion of the trial judge. When the facts surrounding the possible misconduct are in dispute, the trial judge should examine the various witnesses on the question, and his findings of fact will be sustained unless there is an abuse of discretion.

*Commonwealth v. Russell*, 665 A.2d 1239, 1243 (Pa. Super. 1995), *citing Commonwealth v. Posavek*, 420 A.2d 532, 537 (Pa. Super. 1980) (citations omitted).

It bears note that, at the time the issue regarding Juror #5 arose, Smith's counsel stated to the trial judge: "I am not going to ask that Juror No. 5 be brought out. I'm going to leave it to Your Honor's determination. I don't think -- if I bring out Juror No. 5, then that would taint the case as far as my client is concerned." N.T., 7/17/2015, at 122.

The trial court and trial counsel questioned the court officer, who testified Juror #5 said, "I'm hungry,"[6] and Smith's parents,[7] who both

---

[5] The trial court's opinion inadvertently states that the court questioned Juror #5. *See* Trial Court Opinion, 10/27/2016, at 18. The record reflects that Juror #5 was not questioned by the trial judge.

[6] Trial counsel asked the court officer, "Did you ever notice Juror #5 respond to you in any way?" and the court officer responded, "She said, I'm hungry. She said, "I'm hungry. And I said, Lunch is here." N.T., 7/17/2016, at 118.

[7] *See* N.T., 7/17/2016, at 119–126.

testified they had seen Juror #5 mouthing the word "guilty" to the court officer. The trial court determined, "I do not find either mother or father to be credible independently." *Id.* at 127. The trial court explained to trial counsel,

> ... they didn't hear what the person said; they're interpreting mouth reading. So I don't think that there's even enough to go on to justify interrupting deliberations. As you correctly stated, to interrupt deliberations and pull a juror out on their perception of someone mouthing words that could very easily be, I'm hungry, could damage your client and then create the very necessity that's not necessary here. So I'll deny your motion, but thank you.

*Id.* at 129.

> The trial court, in its opinion, further explained:
>
> The transcribed record reflects after reasonable inquiry that the trial court determined and … that the juror simply mouthed the words "I'm hungry," while awaiting arrival of the lunch order to a court officer during the brief time comfort break in the courtroom, as the judge and the attorneys discussed the final jury instructions at side bar. The parents of [Smith] complained after the sidebar conference that they had observed Juror #5 mouth the word "guilty" from their vantage point well to the back of the courtroom. Their concern was presented to defense counsel as the jurors were heading to deliberations for lunch. Not one member of the court staff, attorneys, or the judge witnessed the juror mouth this word. Specifically, the Court Officer, who sits only feet from the jury box, stated that she did not witness any such thing being stated by the juror. Extensive questioning of the stepfather and mother of [Smith] established that both were sitting some twenty feet on the opposite side of the room when they allegedly saw the juror mouth movements directed to the seated court officer. Clearly they misinterpreted the juror's innocent comment that had nothing to do with this case.

Trial Court Opinion, 10/27/2016, at 18–19.

Here, Smith has failed to show that the trial court's factual finding that Smith's parents misinterpreted Juror #5's remark was an abuse of discretion. Smith's parents were clearly interested in the outcome of the case, were sitting in the back of the courtroom, and Smith's mother's credibility was particularly undermined by her "manipulative efforts" reflected in Smith's taped prison phone calls. N.T., 7/17/2016, at 128. The court officer, on the other hand, was a neutral party, and had a better vantage point than Smith's parents. Therefore, we find Smith's claim that the trial court erred in denying his motion for mistrial warrants no relief.

Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2017