**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER RYAN TUCKER | |
| Appellant | No. 3705 EDA 2016 |

Appeal from the Judgment of Sentence November 3, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004011-2015

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 24, 2017**

Christopher Ryan Tucker appeals from the judgment of sentence, entered in the Court of Common Pleas of Lehigh County, following his conviction for Driving Under the Influence ("DUI"): Controlled Substance – Metabolite, 75 Pa.C.S.A. § 3802(d)(1)(iii). After review, we affirm.

Tucker is a permanently disabled veteran; he admits to using cannabis to self-medicate psychological issues that include schizoaffective disorder and post-traumatic stress disorder. On June 30, 2015, Tucker awoke to severe stomach pain at approximately 6:00 a.m. Shortly thereafter, Tucker smoked a marijuana cigarette in an attempt to subside his stomach pain. When the pain continued, Tucker determined it was necessary to drive to the hospital,

_____

[*] Retired Senior Judge assigned to the Superior Court.

but, concerned that the effects of the marijuana would impair his driving ability, he did not leave his residence until 12:15 p.m.

During Tucker's drive to the hospital, Tucker felt a sharp pain in his stomach, numbness and pain in his teeth, and a loss of feeling in his lower extremities. Tucker's symptoms quickly worsened, and he began experiencing tunnel vision and he believed he was going to pass out. Tucker pulled his vehicle over and called 911, during which he informed dispatch that he had consumed four double shots of espresso and smoked marijuana approximately three to four hours earlier. At approximately 12:30 p.m., Pennsylvania State Trooper Sean Quigney was dispatched to assist Emergency Medical Services ("EMS") with a vehicle on the side of a roadway and a driver who was potentially suffering a stroke.

When Trooper Quigney arrived, he approached Tucker, who was sitting in the rear of an ambulance. During the course of Trooper Quigney's investigation, Tucker admitted to having smoked marijuana earlier in the morning. Tucker was transported to the hospital, whereupon Trooper Quigley requested that Tucker submit to a blood draw. Tucker's blood was drawn and tested positive for the presence of cannabis metabolites.

On August 5, 2015, Tucker was charged with DUI: Controlled Substance – Impaired Ability, DUI: Controlled Substance – Schedule I, DUI: Controlled Substance – Metabolite, and careless driving.[1] On January 6, 2016, Tucker

_____

[1] 75 Pa.C.S.A. § 3802(d)(2), 75 Pa.C.S.A. § 3802(d)(1)(i), 75 Pa.C.S.A. § 3802(d)(1)(iii), and 75 Pa.C.S.A. § 3741(a), respectively.

filed an omnibus pretrial motion/petition for writ of habeas corpus challenging the results of his toxicology report, the constitutionality of 75 Pa.C.S.A. § 3802(d)(iii), and the sufficiency of the evidence pertaining to the charge of careless driving. Tucker ultimately withdrew his motion and the Commonwealth agreed to withdraw all charges except DUI: Controlled Substance – Metabolite. A bench trial was held on December 6, 2016, after which Tucker was found guilty of DUI: Controlled Substance – Metabolite. On November 3, 2016, the trial court sentenced Tucker to five years' intermediate punishment, 135 days of which he was to serve on house arrest. On December 2, 2016, Tucker timely filed his notice of appeal; both Tucker and the trial court have complied with Pa.R.A.P. 1925. Tucker raises the following issues for our review:

> 1. Whether 75 Pa.C.S.A. § 3802(d)(1)(ii) is unconstitutionally vague, overbroad and irrationally over-inclusive and, therefore, violates [Tucker's] due process rights[?]
>
> 2. Whether 75 Pa.C.S.A. § 3802(d)(1)(ii) violates [Tucker's] rights under the Pennsylvania and Federal Equal Protection Clauses[?]
>
> 3. Whether the Commonwealth failed to prove beyond a reasonable doubt that [Tucker] was impaired while operating a motor vehicle in violation of 75 Pa.C.S.A. § 3802(d)(1)(iii).

Brief of Appellant, at 2.

Tucker first challenges the constitutionality of section 3802(d)(1), asserting that it is vague, overbroad and irrationally over-inclusive, and thus, violates his due process rights.[2]

The constitutional validity of duly enacted legislation is presumed, and a statute will only be declared unconstitutional if it clearly, palpably and plainly violated the constitution. *See Commonwealth v. Haughwout*, 837 A.2d 480, 487 (Pa. Super. 2007). This court, in evaluating an assertion that a statute is vague and overbroad, has set forth the following:

> As generally stated, the void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. Due process requirements are satisfied if the statute provides reasonable standards by which a person may gauge their future conduct.
>
> A statute is 'overbroad' if by its reach it punishes constitutionally protected activity as well as illegal activity.

_____

[2] Although Tucker challenges the constitutionality of a statute, he need not notify the Attorney General, as the Commonwealth is a party to this matter. *See* 210 Pa. Code § 521 ("It shall be the duty of a party who draws in question the constitutionality of any statute in any matter in an appellate court to which the Commonwealth or any officer thereof, acting in his official capacity, is not a party, upon the filing of the record, or as soon thereafter as the question is raised in the appellate court, to give immediate notice in writing to the Attorney General of Pennsylvania of the existence of the question; together with a copy of the pleadings or other portion of the record raising the issue, and to file proof of service of such notice.")

*Commonwealth v. McCoy*, 895 A.2d 18, 30 (Pa. Super. 2006). This Court

has already addressed constitutional challenges to section 3802(d)(1); it is

neither vague nor overbroad:

> There is no constitutional right to the use of marijuana prior to driving; indeed, under the Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-101 *et. seq.*, which has not been deemed unconstitutional, an individual is prohibited from any use of marijuana. Thus, [a]ppellant's challenge to [Section 3802(d)(1)] must fail.

*Commonwealth v. Etchison*, 916 A.2d 1169 (Pa. Super. 2007).

Accordingly, Tucker's claim must also fail.

Tucker next claims that section 3802(d)(1) violates his Pennsylvania

and Federal Equal Protection Rights. When presented with a claim that a

statute violates the equal protection clause, where the case does not involve

a fundamental right or suspect class and does not involve an important right

or sensitive classification, our inquiry rests upon whether there exists a

rational basis for the classification. *See Etchison*, 916 A.2d at 1173. The

essence of the constitutional principle of equal protection under the law is that

like persons in like circumstances will be treated similarly; however, it does

not require that all persons under all circumstances enjoy identical protection

under the law. *Id.* at 1173-74. Further, the right to equal protection under

the law does not absolutely prohibit the Commonwealth from classifying

individuals for the purpose of receiving different treatment, and does not

require equal treatment of people having different needs; the prohibition

against treating people differently under the law does not preclude the

Commonwealth from resorting to legislative classifications, provided that those classifications are reasonable rather than arbitrary and bear reasonable relationship to the object of the legislation. *Id.*

The *Etchison* court also deemed section 3805(d)(1) not to violate equal protection rights:

> We reject [a]ppellant's assertion that [s]ection 3801(d)(1) violates equal protection, as there is no legislative classification upon which to base such an argument. As noted previously, a conviction under [s]ection 3802(d)(1) does not require that a driver be impaired; rather, it prohibits the operation of a motor vehicle by *any* driver who has *any* amount of specifically enumerated controlled substances in his blood, regardless of impairment. All drivers are treated the same. Accordingly, we find that [a]ppellant's equal protection challenge lacks merit.

*Id.* at 1173-74 (emphasis in the original). Here too, Tucker's claim is meritless.

Finally, Tucker claims that the Commonwealth failed to prove beyond a reasonable doubt that he was impaired while operating a motor vehicle. Tucker's claim challenges the sufficiency of the evidence.

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence. For

> purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

An individual may not drive, operate or be in actual physical control of the movement of a vehicle if there is in the individual's blood *any amount* of metabolite of a Schedule I controlled substance. 75 Pa.C.S.A. § 3802(d)(1)(i) and (iii) (emphasis added). However, "[s]ection 3802(d)(1) does not require that a driver be impaired; rather, it prohibits the operation of a motor vehicle by *any* driver who has *any* amount of specifically enumerated controlled substances in his blood, regardless of impairment." *Etchison*, 916 A.2d at 1174 (emphasis in the original).

Instantly, Tucker does not dispute that the evidence was sufficient to prove the elements of his crime, and he concedes that impairment is not presently an element of DUI: Controlled Substance – Metabolite. Rather, Tucker argues that section 3802(d)(1)(iii), as interpreted, is unconstitutional and that the Commonwealth *should* be required to prove impairment when prosecuting under section 3802(d)(1)(iii). Tucker further argues that if we read section 3802(d)(1)(iii) as requiring the Commonwealth to prove impairment, and being that the Commonwealth has not shown Tucker was impaired while driving on June 30, 2015, the Commonwealth, ergo, has not sufficiently proven Tucker's guilt. Tucker's specious and convoluted argument is meritless.

As the **Etchison** court established, and as Tucker concedes, impairment is not an element of section 3802(d)(1)(iii). Tucker admitted to both police dispatch and Trooper Quigney that he smoked marijuana prior to attempting to drive himself to the hospital; his admissions were duly corroborated by his blood test results.[3] **Etchison**, **supra**. Therefore, Tucker's sufficiency claim fails. **Trinidad**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2017

---

[3] We note that the record is vague as to the issue of whether Tucker's consent was voluntary. At trial, Trooper Quigney merely stated that "at the hospital I requested that [Tucker] submit to a blood draw." N.T. Bench Trial, 9/6/16, at 7. The Commonwealth did not solicit any further testimony regarding the circumstance under which Tucker complied with Trooper Quigney's request. However, there is no evidence in the record that (1) Trooper Quigney or law enforcement provided Tucker with incorrect information that refusal to submit to a blood draw would result in enhanced penalties; (2) Tucker was administered and signed a DL-26 form; or (3) Tucker did not voluntarily consent to the blood draw. Therefore, although under certain circumstances we may raise the issue of voluntary consent *sua sponte*, we may not do so here. **Cf. Commonwealth v. Evans**, 153 A.3d 323 (Pa. Super. 2016) (driver could not be deemed to have consented to warrantless blood draw as exception to the requirement for a search warrant; defendant only consented to a blood draw after being incorrectly informed by police that refusal to submit to the test could result in enhanced criminal penalties).