J-S20025-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES OTTO HEMINGWAY | : | |
| | : | |
| Appellant | : | No. 1235 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 15, 2018
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0001938-2013

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                     FILED MAY 31, 2019

Charles Otto Hemingway appeals from the judgment of sentence entered on August 15, 2018. Because Hemingway's post-sentence motion was untimely, we quash this appeal as untimely since it was filed beyond the 30 day appeal period.

The timeliness of an appeal implicates our jurisdiction and we may raise the issue sua sponte. Commonwealth v. Trinidad, 96 A.3d 1031, 1034 (Pa.Super. 2014). A post-sentence motion following revocation of probation must be filed within ten days of the "date of imposition." Pa.R.Crim.P. 708(E). Filing a post-sentence motion "will not toll the 30-day appeal period" to this Court unless, "the appellant files a motion seeking permission to file a post-sentence motion nunc pro tunc and the trial court expressly grants this request within thirty days of the imposition of the sentence." Id.; Commonwealth v. Patterson, 940 A.2d 493, 498 n.3 (Pa.Super. 2007). Thus, "absent a timely

filed post-sentence motion, the triggering event remains the date sentence is imposed." Commonwealth v. Green, 862 A.2d 613, 618 (Pa.Super. 2004) (en banc) (emphasis omitted). However, "before our Court may quash the instant appeal, we must determine whether an administrative breakdown in the court system excuses the untimely filing of the notice of appeal." Patterson, 940 A.2d at 498. A breakdown has occurred "where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him." Id.

The procedural history of this appeal is as follows. The trial court held a revocation hearing on May 21, 2018. Hemingway was represented by J.W. Hernandez-Cuebas, Esq., who entered his appearance on January 2, 2018. At the conclusion of the hearing, the trial court revoked Hemingway's probation and imposed sentence the same day. On the day of the hearing, Hemingway signed a form acknowledging his post-sentence motion and appellate rights, including that "[a] motion to modify a sentence" must be filed within ten days. See Defendant's Rights at Violation of Probation, Intermediate Punishment or Parole Sentencing, dated 5/21/18. The following statement was just above his signature: "I hereby acknowledge that I was present when the judge advised me of my rights and I acknowledge receipt of a written copy of the same." Id.

Counsel filed a post-sentence motion on June 4, 2018. The trial court held a hearing on the motion and denied it on August 16, 2018. Hemingway filed a notice of appeal on August 27, 2018.

- 2 -

Upon receipt of the notice of appeal, we ordered appellate counsel to show cause for why this appeal should not be quashed. See Order, filed 10/25/18, at 2. Counsel responded with a letter stating that there was a breakdown in the court system because:

> Here the record reflects that a timely post-sentence motion was filed on June 4, 2018, the resolution of the timely-filed motion was delayed from the date of filing by the Court sua sponte on three (3) separate occasions extending the ruling on the Motion to approximately 72 days. In consequence, [Hemingway] was faced with the Hobbesian choice of having the Motion to Reconsider stopped by the filing of an appeal and robbing the lower court of jurisdiction to consider the already filed Motion, and possibly losing the ability to appeal the severity of the sentence or allowing the Court to rule on the already filed Motion to Reconsider.

Response to Rule to Show Cause, filed 11/5/18, at 2 (unpaginated).

To begin, we note that the post-sentence motion was not timely. Hemingway had until May 31, 2018 to file a timely post-sentence motion. He missed this deadline by four days. Additionally, there was no breakdown in the court system. Rather, the case proceeded as the criminal rules provide. The trial court advised Hemingway of his post-sentence and appellate rights exhibited by the written form that listed such rights:

1. At the time of sentencing you may make a statement on your own behalf. Both counsel for defendant and Commonwealth may present argument and information relative to your sentencing. [Pa.R.Crim.P. 708(D)(1)]

2. You have the right to an attorney to help prepare and file any motions to modify sentence and to appeal. A motion to modify a sentence imposed after a revocation shall be filed within ten (10) days of the date of imposition of sentence. You have the right to proceed with presently retained or assigned counsel. If you cannot afford an attorney, on your request, the Court will

- 3 -

appoint any attorney free of charge. You also have the right, if indigent, to proceed in _forma pauperis_. [Pa.R.Crim.P. 708(D)(3)(a),(b),(E)]

3. You have the right to appeal to the Pennsylvania Superior Court within thirty (30) days from today. The filing of a motion to modify sentence does not toll the 30-day appeal period. The appeals period is only tolled if the sentencing judge grants reconsideration or vacates the sentence within the 30-day period. [Pa.R.Crim.P. 708(E)].

Defendant's Rights at Violation of Probation, Intermediate Punishment or Parole Sentencing. Because there was not a breakdown in the court system, the 30-day appeal period was not tolled. A timely appeal should have been filed by June 21, 2018. The instant appeal was not filed until August 27, 2018. We "cannot extend the time for filing an appeal," therefore this appeal is quashed. Patterson, 940 A.2d at 498.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019