J-S35008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN HAGERTY, | : | |
| | : | |
| Appellant | : | |
| | : | No. 3023 EDA 2017 |

Appeal from the Judgment of Sentence March 21, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004879-2010

BEFORE:  OLSON, J., STABILE, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED NOVEMBER 13, 2019**

I join the Majority Memorandum in its analysis of Appellant's first issue (prior bad acts) and third issue (sexually violent predator classification).  I write separately to note that I would find Appellant's second issue (sufficiency of the evidence) waived.

In his Pa.R.A.P. 1925(b) statement, Appellant claims "[t]he verdict was insufficient as a matter of law to all the charges in that the Commonwealth witnesses' testimony were [*sic*] contradictory and conflicting in all aspects for the reasons stated by trial counsel at the trial."  Rule 1925(b) Statement, 12/7/2017, at 1 (unpaginated).  Appellant was convicted of eight crimes.

_____

* Retired Senior Judge assigned to the Superior Court.

Majority at 2. Appellant failed to identify with any particularity which of his eight convictions he believes lacked sufficient evidence. Likewise, Appellant failed to specify which element or elements of his crimes for which he deems the evidence insufficient to sustain a conviction.

This Court has repeatedly required an appellant to specify in the Rule 1925(b) statement the particular element or elements of the offense(s) upon which the evidence was insufficient. *See*, *e.g.*, *Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Stiles*, 143 A.3d 968, 982 (Pa. Super. 2016) (citation omitted). Based upon this Court's desire to apply Rule 1925 in a "predictable, uniform fashion," I would find that waiver applies even where, as here, the Commonwealth fails to object and the trial court addresses the issue in its Rule 1925(a) opinion. *Roche*, 153 A.3d at 1072.

Even assuming *arguendo* that Appellant did not waive his sufficiency claim based upon his deficient Rule 1925(b) statement, I would find it waived for Appellant's failure to develop the claim in his brief. *See id.* at 1072-73 ("The failure to properly develop a claim renders an issue waived.") (citation omitted). The phrasing of the issue in Appellant's brief is even more general than his Rule 1925(b) statement. In his brief, Appellant presents the following

- 2 -

question for our review: "[w]hether the verdict was insufficient as a matter of law." Appellant's Brief at 8. As with the Rule 1925(b) statement, his brief does not identify which conviction or convictions he believes lacked sufficient evidence, or which element or elements of his crimes he deems the evidence was insufficient to sustain a conviction. *See* Appellant's Brief at 17-19. Rather, in the argument section of his brief, Appellant attacks the credibility of two witnesses, the victim and her sister, to argue that he was falsely accused of the crimes. *Id.* at 19. Such argument is a challenge to the weight of the evidence, not its sufficiency. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (stating variances in testimony go to credibility of witnesses and not sufficiency of evidence, and mere conflict in testimony does not render evidence insufficient because it is within province of fact finder to determine weight to be given to testimony and to believe all, part, or none of evidence) (citations omitted). Because Appellant failed to raise a challenge to the weight of the evidence before the trial court, and further failed to include it in his Rule 1925(b) statement, I would find Appellant's claim waived. *Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013) (finding waiver of sufficiency-of-the-evidence claim where Griffin argued he "was wrongly identified as the perpetrator of the crimes based on 'unbelievable identification testimony' of the victim" because such "argument goes to the credibility of the witness's testimony, and is, therefore, not an attack on the

sufficiency of the evidence, but an allegation regarding the weight it should have been afforded") (citation omitted).

Judge Stabile joins this concurring memorandum.